**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr><td>CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812</td></tr>
</table>

June 23, 2014

LETTER TO COUNSEL:

RE:   *James R. Norris v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-2308

Dear Counsel:

On August 8, 2013, the Plaintiff, James R. Norris, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 13, 16. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Norris filed his claim for Disability Insurance Benefits ("DIB") on October 2, 2007, alleging a disability onset date of October 27, 2006. (Tr. 126–28). His claim was denied initially and on reconsideration. (Tr. 89–91, 94–95). A hearing was held on January 21, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 65–84). Following the hearing, the ALJ determined that Mr. Norris was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 50–60). The Appeals Council denied Mr. Norris's request for review, (Tr. 43–48), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Norris suffered from the severe impairments of degenerative disc disease of the lumbrosacral spine and coronary artery disease. (Tr. 55). Despite these impairments, the ALJ determined that Mr. Norris retained the residual functional capacity ("RFC") to "perform the full range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, he can lift ten pounds frequently, sit for six hours in an 8-hour workday, and stand/walk for period of up to two hours in an 8-hour workday." (Tr. 57). The ALJ concluded that Mr. Norris could perform his past relevant work as a director of distribution/production. (Tr. 59).

Mr. Norris disagrees with the ALJ's decision and raises two primary arguments on appeal. First, he argues that the ALJ improperly weighed the opinions of his treating physicians. Second, he takes issue with the ALJ's credibility assessment. He argues that the ALJ failed to consider his work history, and that the ALJ selectively relied on his reported activities of daily

*James R. Norris v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2308
June 23, 2014
Page 2

living to support a finding that he was not disabled.  I find that the ALJ failed to adequately explain the weight accorded to the opinion evidence.  Therefore, remand is appropriate.  I am not persuaded, however, by Mr. Norris's credibility argument.  I address this unsuccessful argument first.

Mr. Norris argues that the ALJ's credibility assessment was deficient in two ways.  First, he contends that the ALJ failed to consider his "stellar work history."  Pl.'s Mem. 26.  Second, he claims that the ALJ improperly relied on his activities of daily living to find that he was not disabled.  Both arguments lack merit.  A claimant's prior work record is just one factor that an ALJ will consider in the credibility evaluation.  *See* 20 C.F.R. 404.1529(c)(3); SSR 96-7p, 1996 WL 374186, at *5 (July 2, 1996).  Here, the ALJ clearly considered Mr. Norris's work record, in accordance with the agency regulations.  The ALJ noted that Mr. Norris worked at L&M Services Company as Director of Distribution and Director of Production, and that he supervised 120 people.  (Tr. 57).  The ALJ further noted that Mr. Norris was not disabled because he was capable of performing his past relevant work as a director of distribution/production.  (Tr. 59).  Mr. Norris attests to his "impressive and lucrative" career, *see* Pl.'s Mem. 26; however, agency regulations do not require the ALJ to recite every promotion or salary bump that a claimant has received.  I find that the ALJ's discussion of Mr. Norris's prior work satisfies the ALJ's obligation pursuant to 20 C.F.R. 404.1529(c)(3).

I similarly find no error in the ALJ's discussion of Mr. Norris's activities of daily living.  Mr. Norris unsuccessfully argues that the ALJ selectively highlighted portions of his reported activities of daily living to support a finding that he was not disabled.  Pl.'s Mem. 28.  20 C.F.R. § 404.1529(c)(3) provides that the ALJ will consider a claimant's daily activities in the credibility assessment.  As part of the credibility evaluation, the ALJ may properly seize on any inconsistency between a claimant's complaints of pain and a claimant's reported routine activities.  *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (agreeing with the ALJ's adverse credibility determination where claimant complained of pain, yet testified to attending church, reading books, watching television, cleaning, and cooking); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (upholding finding that claimant was not disabled where claimant's daily activities included cooking, cleaning, shopping, socializing, and walking to town every morning).  Mr. Norris's reported activities of daily living are less extensive.  The ALJ noted, however, that Mr. Norris's activities appeared to be "self-limiting" and that despite his allegations of disability, Mr. Norris drives, uses a computer, prepares meals, and takes care of his personal needs.  *See* (Tr. 59).  The ALJ merely highlighted the evidence that contradicted Mr. Norris's subjective complaints.  It is not the role of this Court to weigh conflicting evidence, determine credibility, or substitute its judgment for that of the Commissioner.  I have determined that the ALJ's credibility assessment rests on substantial evidence.  Therefore, remand on this argument is unnecessary.[1]

---

[1] Throughout his motion, Mr. Norris cites law from the Third Circuit.  While Third Circuit case law is persuasive, it is not binding, because the United States Court of Appeals for the Fourth Circuit, not the Third Circuit, hears appeals from this district.

*James R. Norris v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2308
June 23, 2014
Page 3

I am persuaded, however, that the ALJ failed in his duty of explanation regarding the opinion evidence. The ALJ never expressly assigned weight to any of the medical opinions in the record. Rather, with regard to the opinions of Mr. Norris's treating physicians, the ALJ stated that he gave them "appropriate" but not controlling weight. (Tr. 59). Mr. Norris argues that the ALJ's evaluation of the opinion evidence is vague, and that the ALJ failed to heed the "treating physician rule." Pl.'s Mem. 5–25. The ALJ must generally give more weight to a treating source's opinion. *See* 20 C.F.R. § 404.1527(c)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig,* 76 F.3d at 590. The ALJ is not required to give controlling weight to a treating source's opinion on the ultimate issue of disability. SSR 96–5p, 1996 WL 374193, at *5 (July 2, 1986). If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ is required to "give good reasons" for the weight assigned to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2).

The ALJ stated that he was not assigning controlling weight to the opinions of two of Mr. Norris's treating physicians, Dr. Murtaza Amir and Dr. Gary Wagoner, because their assessments were not supported by the evidence overall, were based on the claimant's subjective complaints, and were inconsistent with their own treatment notes. (Tr. 59). The ALJ provided no further explanation for his conclusions. The Commissioner construes the ALJ's analysis as an implicit rejection of the opinions, and goes on to cite evidence from the record supporting that theory. However, the fact that the Commissioner, and indeed this Court, must speculate as to what the ALJ intended is proof positive that the ALJ's analysis was deficient. Some courts have found that remand is not warranted where the ALJ fails to state with specificity the weight assigned to opinion evidence. *See Bentley v. Comm'r of Social Sec.*, No. 1:13cv163, 2014 WL 906587, at *19–22 (N.D.W. Va. Mar. 7, 2014) (finding harmless error for ALJ's assignment of "appropriate weight" to physician's opinion, because the RFC assessment incorporated the physician's conclusions); *Bautista v. Astrue*, No. TJS-11-1651, 2013 WL 664999, at *6 (D. Md. Feb. 22, 2013) (stating that even if the ALJ erred by failing to assign weight to all the opinion evidence, such error could not have affected the outcome of the proceedings). Here, however, the opinions of Drs. Amir and Wagoner were consistent with one another, and contrary to the opinions of non-examining sources. *Compare* (Tr. 257–64, 294–303) *with* (Tr. 307–11, 315). Thus, the opinions were clearly relevant to the disability finding. While I agree with the ALJ that Dr. Amir and Dr. Wagoner's opinions regarding disability were not entitled to controlling weight under the regulations, the ALJ's failure to articulate the specific weight accorded, in addition to the ALJ's cursory explanation of the opinions themselves, warrants remand. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."); *Chirico v. Astrue*, No. 3:10CV689, 2011 WL 6371315, at *5 (E.D. Va. Nov. 21, 2011) (recommending remand and noting the circular reasoning of assigning "appropriate weight" to a treating physician's opinion, as the ALJ is required by law to assign appropriate weight to medical evidence).

*James R. Norris v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2308
June 23, 2014
Page 4


        In so remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Norris is not disabled is correct or incorrect.

        For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 12, 16) will be DENIED.  The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

        Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.


                                        Sincerely yours,


                                        /s/


                                        Stephanie A. Gallagher
                                        United States Magistrate Judge